# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-0985** (Preston County 13-F-42)

**Jackie S.,**
**Defendant Below, Petitioner**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jackie S., by counsel Justin Gregory, appeals the Circuit Court of Preston County's July 23, 2015, order sentencing him to prison for ten to twenty years for one count of sexual abuse by a parent, in violation of West Virginia Code § 61-8D-5.[1] The State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order. On appeal, petitioner argues that he did not knowingly, intelligently, and voluntarily enter into a plea agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, a Preston County grand jury indicted petitioner on twelve counts of incest, in violation of West Virginia Code § 61-8-12, and eight counts of sexual abuse by a parent, in violation of West Virginia Code § 61-8D-5. These charges stemmed from sexual conduct against his adopted daughter.

In April of 2015, petitioner entered an *Alford* plea to one count of sexual abuse by a parent.[2] As part of the plea agreement, the State dismissed the remaining nineteen counts. During

---

[1]Because this case involves a minor victim of sex crime who is related to petitioner, we use only petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]An *Alford* plea, from the decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), allows a defendant to enter a guilty plea without admitting guilt. *See*

(continued . . . )

1

the plea hearing, the circuit court conducted a thorough plea colloquy. During the proceedings, petitioner indicated that while he was having "a little bit of trouble with [his blood] sugar today" and was slow to "comprehend" the proceedings, he "ate some cookies" and was then able to understand everything. Throughout the rest of the proceedings, petitioner affirmatively answered, multiple times, that he understood the plea hearing proceedings and that he was voluntarily entering into the plea agreement. Thereafter, the circuit court sentenced petitioner to a term of incarceration of ten to twenty years, followed by twenty years of supervised release. This appeal followed.

This Court has previously explained that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978). However, we also held in Syllabus Point 1 of *Sims* that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id.* at 212, 248 S.E.2d at 835, Syl. Pt. 1. Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner argues that he did not knowingly, intelligently, and voluntarily enter into his plea agreement. Specifically, petitioner argues that he displayed clear signs that he did not fully understand the proceedings and was suffering from a medical issue that prevented him from entering a plea agreement. We disagree. This Court set forth the requirements to determine the voluntariness of a guilty plea in *Call v. McKenzie* 159 W.Va. 191, 220 S.E.2d 665 (1975). In Syllabus Points 3, 4, and 5 of *Call*, this Court held as follows.

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

---

Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (stating that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record.

A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in Habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

*Id*. at 191-92, 220 S.E.2 at 667-68.

Our review of the hearing transcript reflects that the circuit court conducted a thorough plea colloquy in this case, satisfying the requirements of *Call* and ensuring that petitioner's guilty plea was knowingly, intelligently, and voluntarily made and that petitioner was fully advised of all the rights he was giving up by pleading guilty. Further, petitioner's argument that he suffered from a medical condition that prohibited him from understanding the plea proceedings or entering a knowing, intelligent, and voluntary plea is not supported by the record. During the plea hearing, the circuit court discussed petitioner's medical condition as it related to his ability to understand the proceedings to which petitioner responded that he was having "a little bit of trouble with [his blood] sugar today" and was slow to "comprehend" the proceedings, but that he "ate some cookies" and was able to understand everything. The record also reflects that petitioner testified at the plea hearing that his plea was voluntary; that no one had used any force, pressure, or threats to unduly influence him to plead guilty; and that he had plenty of time to meet and discuss his case with his attorney. For these reasons, the Court finds no error.

For the foregoing reasons, the circuit court's July 23, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** January 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker